UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RAYMOND L. GEIGER,

        Plaintiff,

                                          Case Number 06-13633-BC
v.                                      Honorable Thomas L. Ludington

TOWER AUTOMOTIVE,

        Defendant.
_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTION
TO MAGISTRATE JUDGE'S DENIAL OF PLAINTIFF'S MOTION TO COMPEL
AND CANCELLING HEARING**

        Plaintiff Raymond Geiger filed suit against his former employer, Defendant Tower Automotive, alleging that the termination of his employment when he was 62 years old violated the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § § 621 *et seq*., and the Michigan Elliott-Larsen Civil Rights Act (ELCRA), Mich. Comp. Laws § 37.2101 *et seq*. After this Court referred Plaintiff's motion to compel to the magistrate judge, the magistrate judge denied that motion. Now before the Court is Plaintiff's objection to that order.

        Based on the docket, discovery closed on July 25, 2007. Defendant timely filed a motion for summary judgment on August 21, 2007. On August 28, 2007, Plaintiff filed a motion to compel the deposition of Linda Kreuter, Defendant's human resources manager.

        According to Plaintiff, he first learned during the deposition of another one of Defendant's employees, on July 27, 2007 that an e-mail was, allegedly, not produced in initial disclosures and, allegedly, was altered. According to that deponent, he could not explain a discrepancy in an e-mail

and that only the human resources manager could explain any purported alteration.[1]  Plaintiff asserts that neither e-mail was produced with the initial disclosures by November 10, 2006, that the first version of the e-mail was produced after December 14, 2006, and that the second version of the e-mail was produced in April 2007.  Plaintiff maintains that the discrepancy between those two e-mails shows that Defendant chose a younger employee via a non-competitive process.

According to Defendant, it served its initial disclosures on November 10, 2006, in which Defendant identified the human resources manager as a witness.  Defendant also states that it disclosed the first version of the e-mail on December 14, 2006 and the second version of the e-mail on April 30, 2007.  Plaintiff has not contradicted these assertions.

Plaintiff filed a motion to compel the deposition of the human resources manager based on this late development, contending that the human resources manager may have altered her e-mail.  Plaintiff insists that this purported discrepancy might support Plaintiff's allegation that Defendant discriminated against him based on his age.  This Court referred that motion to the magistrate judge.

The magistrate judge denied the motion.  He stated that Plaintiff conceded that discovery was closed, that the e-mails at issue were disclosed before the close of discovery, that Defendant identified the human resources manager as a witness, and that Defendant had filed a motion for summary judgment before Plaintiff filed the instant motion to compel.  The magistrate judge then stated that the Plaintiff's main argument was that the significance of the human resources manager's

---

[1]The purported alteration, as shown by exhibits 1 and 2, is the revision of one sentence.  In one e-mail, the human resources manager wrote that the deponent "should plan to contact the current plant MRO Buyers to make sure they are aware of an apply for the positions and talk with them personally about the role."  In the other version of the e-mail, the human resources manager wrote that the deponent "should plant to contact those MRO buyers that you want to make sure apply for the positions and talk with them personally about the role."

e-mails became clear only after the deposition of the other employee. The magistrate judge concluded, "Since Plaintiff had every fact necessary to make an informed decision concerning the necessity of deposing [the human resources director] months prior to the close of discovery, I find Plaintiff counsel's explanation for the failure to do so simply insufficient, particularly in light of the explicit terms in the Case Management and Scheduling order." [Dkt #26].

Plaintiff timely filed an objection to the magistrate judge's order. Defendant has filed a response. The Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *Compare* E.D. Mich. LR 7.1(e)(2).

28 U.S.C. § 636(b)(1)(A) permits a district court to refer to a magistrate judge a non-dispositive pretrial motion, and the district court can reconsider the magistrate judge's order if it is "clearly erroneous or contrary to law." Federal Rule of Civil Procedure 72(a) provides further detail as to the procedure for challenging a magistrate judge's decision, by permitting a party ten days to object. Then, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate's order found to be *clearly erroneous or contrary to law*." *Id*. (emphasis added); *see also Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) (citations omitted).

Based on the standard of review under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), Plaintiff has not shown clear error by the magistrate judge. As accurately described by the magistrate judge, Plaintiff had all the necessary information to seek to depose the human resources manager well before the close of discovery. About eight months before Plaintiff sought

that deposition, Defendant identified the human resources manager as a witness, i.e., on November 10, 2006. Then Plaintiff had both versions of the e-mail at issue by April 30, 2006. Discovery closed on July 25, 2007. That Plaintiff only realized the "significance" of those e-mails at another deposition, taken after the close of discovery, did not prevent him from gleaning that importance at some point in the preceding three months. Moreover, Defendant timely filed a motion for summary judgment on August 21, 2007. Plaintiff then filed a motion to compel the deposition of Defendant's human resources manager a week later.

In providing a near duplicate of his motion before the magistrate judge as his motion here, Plaintiff has not demonstrated that the magistrate judge clearly erred or reach a conclusion contrary to law. Accordingly, the Court will overrule Plaintiff's objection to the magistrate judge's denial of his motion to compel the deposition of Defendant's human resources manager, because Plaintiff filed his motion to compel one week after Defendant filed a motion for summary judgment, almost four months after he received the e-mails that prompt his interest in this deposition, and almost nine months after Defendant identified this proposed deponent as a witness.

Accordingly, it is **ORDERED** that Plaintiff's objection to the magistrate judge's denial of his motion to compel [dkt #29] is **OVERRULED**.

It is further **ORDERED** that the hearing scheduled for **November 2, 2007** at 3:30 p.m. is **CANCELLED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: November 2, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 2, 2007.

        s/Tracy A. Jacobs
        TRACY A. JACOBS