UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RAYMOND GEIGER,

        Plaintiff,

                                 Case Number 06-13633-BC
v.                                 Honorable Thomas L. Ludington

TOWER AUTOMOTIVE,

        Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

On February 8, 2008, the Court granted Defendant Tower Automotive summary judgment

on Plaintiff Raymond Geiger's claims of employment discrimination under the Age Discrimination

in Employment Act (ADEA), 29 U.S.C. §§ 621 *et seq.*, and the Michigan Elliott-Larsen Civil Rights

Act (ELCRA), Mich. Comp. Laws §§ 37.2101 *et seq.* On February 18, 2008, Plaintiff timely filed

a motion for reconsideration.

In his motion for reconsideration, Plaintiff asserts that he bases his claim on a failure to hire,

rather than on the elimination of his position. Accordingly, he contends that the Court applied an

improper standard when it relied on the additional showing required for the elimination of a position

pursuant to a reduction in force, as described in *Barnes v. GenCorp, Inc.*, 896 F.2d 1457, 1465 (6th

Cir. 1990).

E.D. Mich. LR 7.1(g) permits a party to seek reconsideration of an order. Local Rule

7.1(g)(3) provides:

> Generally, and without restricting the court's discretion, the court will not
> grant motions for rehearing or reconsideration that merely present the same issues
> ruled upon by the court, either expressly or by reasonable implication. The movant
> must not only demonstrate a palpable defect by which the court and the parties have

been misled but also show that correcting the defect will result in a different disposition of the case.

Here, Plaintiff has not shown a palpable defect by which the Court was misled. Notwithstanding the fact that Defendant articulated its workforce reduction argument in its motion for summary judgment, Plaintiff first raises the argument differentiating a workforce reduction from a failure to hire in his motion for reconsideration. Although better articulated at this juncture, nothing in Plaintiff's instant motion contradicts Defendant's factual assertions regarding the circumstance of the position in Elkton.

As described at greater length in the Court's opinion and order of February 8, 2008, Plaintiff worked as a Maintenance, Repair and Operations (MRO) buyer for Defendant at its Elton facility. According to the deposition of Defendant's human resources manager, the workforce at the Elkton facility, where Plaintiff worked, was reduced from 122 positions in 2000 to 61 positions in 2006. Defendant's human resources manager states that the reductions occurred largely through downsizing and restructuring. According to Defendant's director of MRO purchasing, the pendency of bankruptcy proceedings for Defendant prompted his superiors to direct him to centralize the purchasing functions. More specifically, he was instructed to reduce the staffing level from 21 buyers to six buyers, with those six buyers serving a geographic territory, rather than a single facility. One such area MRO buyer position would cover the Elkton and Clinton facilities. Subsequently, an employee other than Plaintiff was awarded that position.

Based on these uncontested factual allegations, the decision not to hire Plaintiff for that position arose in the context of Defendant's downsizing efforts. Plaintiff's attempt to separate Defendant's reduction in workforce from its hiring decision for the Elkton MRO buyer position is unavailing. That position existed as a consolidation of other positions, after Defendant eliminated

15 MRO buyer positions, in favor of retaining only six over larger geographic areas. Absent any contrary evidence offered by Plaintiff, he does not succeed in attempting to distinguish a purported "failure to hire" from Defendant's reduction in workforce, because Defendant's decision to hire for a position of an MRO buyer in Elkton occurred due to its elimination of 15 comparable positions. Accordingly, Plaintiff has not shown a palpable defect by which the Court was misled or a likelihood of a different disposition of the matter.

Accordingly, it is **ORDERED** that Plaintiff's motion for reconsideration [dkt #47] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: February 25, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 25, 2008.

s/Tracy A. Jacobs
TRACY A. JACOBS